In the Matter of the Claim of CATHERINE MANNIX, Respondent, v. PARK & TILFORD DISTILLERS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision of Workmen's Compensation Board that determined work stoppage of the claimant was solely associated with the accident of November 24, 1952 and discharged the Special Fund for Reopened Cases. Claimant first suffered from dermatitis in 1946 while working for McCall Corporation when she was exposed to benzol, turpentine and ink. Thereafter in January, 1951, while working for Huyler's she developed a skin irritation and a subsequent test determined she was allergic to chocolate to which she was exposed in the course of this employment. This

condition was reportedly cured and the case closed on July 20, 1951. Subsequently while working in the employ of Park and Tilford she became disabled on November 24, 1952 from exposure to Tintex. Compensation was paid by the appellants from the above date until June 4, 1958 when a hearing was held at their request to determine whether the disability was associated with the prior exposures. The board determined there was no such association. The claimant testified when she went to work for the employer herein she had recovered from the prior attacks of dermatitis and worked for approximately seven months before it "flared up again". Medical reports were filed monthly from December 12, 1952 until May 27, 1958 which showed a continuing condition of dermatitis. The doctor for the Special Fund testified in his opinion there was no relationship as to the different exposures as the condition in each claim was due to a different product. He expressed some uncertainty that Tintex alone was causing the rash to last seven years after exposure. Claimant's physician testified in June, 1958, and stated that he had treated claimant continuously since October, 1955 for contact dermatitis and which condition was related to her employment with Park & Tilford and that she became hypersensitized due to her previous exposures. Another doctor produced by the carrier was unable to express an opinion as to the relationship of the prior attacks but agreed that each attack added to this hypersensitivity and that the condition might be permanent. The medical testimony is pretty much in agreement that each claim was independent of the others as each exposure was associated with a different product. The board's determination that the Special Fund should be discharged, each incident being separate of the others, was fully justified. The medical testimony as to the long duration of disability resulting from the last exposure was close but the record as a whole was sufficient to sustain this finding by the board. Decision and award unanimously affirmed, with one bill of costs to be divided between Workmen's Compensation Board and Special Fund for Reopened Cases.